IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-63-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RICARDO ANTHONY SHAKELLWOOD | ) | |

This cause comes before the Court on defendant's *pro se* motions for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1) and amendments set out in the First Step Act. [DE 50 & 51]. The government has responded in opposition and the motions for reduction are ripe for disposition. For the reasons that follow, defendant's motions for a reduced sentence are denied.

## BACKGROUND

On June 8, 2017, defendant was sentenced to forty-eight months' imprisonment following his plea of guilty to one count of illegal reentry of an aggravated felon in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). In January and February 2019, defendant filed the instant motions seeking a reduction in his sentence under Sections 404, 502, and 503 of the First Step Act. In April 2019, the Office of the Federal Public Defender appeared on defendant's behalf pursuant to Standing Order 19-SO-3, and the same day moved to withdraw, indicating that it would not be filing any motions on defendant's behalf. The Federal Public Defender was permitted to withdraw. [DE 52-54].

In August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, modifying the statutory penalties for certain crack offenses. The Fair Sentencing Act established new thresholds for mandatory minimum sentences. Previously, a defendant found responsible for at least 50 grams of crack faced a mandatory minimum of 10 years' imprisonment;

the Fair Sentencing Act raised the threshold to 280 grams. The Fair Sentencing Act, however, was not made retroactive, so it was inapplicable to individuals who had already been sentenced and who were no longer on direct review. In December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which—among other things—made the Fair Sentencing Act's new crack thresholds retroactively applicable to defendants who had been sentenced prior to August 3, 2010.

Section 602[1] of the First Step Act modified 18 U.S.C. § 3624, which provides provisions for prerelease custody to afford prisoners a reasonable opportunity to adjust and prepare for reentry into the community. Section 603 of the First Step Act modified 34 U.S.C. § 60541, which addresses prison reentry initiatives, including a pilot program to determine the effectiveness of allowing eligible elderly and terminally ill prisoners to serve the remainder of their sentences on home confinement.

## DISCUSSION

Section 404 of the First Step Act authorizes courts to impose reduced sentences "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a).

Defendant is facially ineligible for relief under Section 404 of the First Step Act because he was not sentenced for a covered offense. The Court is further without authority to grant a sentence reduction under Sections 602 or 603 of the First Step Act. Whether an inmate qualifies for prerelease custody or home confinement is a decision committed to the discretion of the

---

[1] Although defendant refers to Sections 502 and 503 of the First Step Act, his descriptions of the sections cited comport with Sections 602 and 603 of the First Step Act.

2

Attorney General or, by extension, the Bureau of Prisons. *See Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); *United States v. Norris*, No. 7:17-CR-40-FL-1, 2019 WL 5079759, at *1 (E.D.N.C. Oct. 10, 2019). Thus, this Court is without the authority to grant a reduction in sentence based on these amendments.

## CONCLUSION

For the above reasons, defendant's motions for a reduction in sentence [DE 50 & 51] are denied.

SO ORDERED, this 5 day of November, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE